CODDINGTON v. PROPFE.

(Circuit Court of Appeals, Third Circuit. November 6, 1901.)

No. 24.

PATENTS—INFRINGEMENT—MACHINE FOR MAKING WAXED TAPERS.

The Coddington patent, No. 303,984, for machinery for manufacturing waxed tapers and coated strings, claims 2, 3, 4, and 14, *held* not anticipated, and valid, but not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

E. Hayward Fairbanks, for appellant.

Hector T. Fenton, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This is an appeal by the complainant from so much of the decree of the circuit court as dismissed the bill in respect to letters patent No. 303,984, for improvements in machinery for manufacturing waxed tapers and coated strings, granted on August 26, 1884, to George W. Coddington. The pat-

ent has no less than 37 claims, but a reversal of the decree is asked only as to claims 2, 3, 4, and 14, which are as follows:

"(2) A machine for coating strings with wax, consisting of a pan, B, in which to melt the wax, and mechanism substantially as described, for retaining the strings in said pan, and drawing them horizontally through the same, substantially as and for the purpose specified. (3) The combination of the vessel for holding the cord-coating material, devices for immersing the cord therein, drum or roller, C, and feed rollers, d and d¹, all supported in an appropriate frame and mechanism, substantially as described, for causing said rollers to revolve, substantially as and for the purposes specified. (4) The combination of a vessel for holding the melted cord-coating material, staples, or guiding devices having openings b¹ and b², and means for drawing the strings through the staples or guides, b¹, b², substantially as and for the purposes specified." "(14) In a machine for coating strings, the roller, C, provided with a porous exterior, substantially as and for the purposes specified."

Upon the proofs in this record touching the prior art it may be said correctly that these specific claims were not anticipated, and that they are respectively valid. The real controversy, however, arises upon the question of infringement. In the court below the case (as to this patent) was ruled upon that question, and adversely to the complainant. The circuit court made the following specific findings of fact:

"It was not new with Coddington to provide machinery or mechanical apparatus to cover wick or strings with a waxing or coating composition, and to cut off the same in definite lengths; the ancient wax tapers and wax matches having been so made. It was not new with Coddington to provide a mechanical structure to deliver sheets of paper or a series of cords or wicks to a waxing or coating pan, means to keep the cords submerged therein, means to strip off the surplus coating, driven rollers to draw the paper or cords from the waxing pan, and means to wind up the waxed paper or cord, or to deliver it to other devices for further treatment. The prior patents to Bancroft of 1882, Page of 1881, Montgomery of 1849, and McPhetridge of 1856, each show and describe some or all of this mechanism, substantially as stated in the preceding paragraph. It was not new with Coddington to provide, in a single apparatus or machine, mechanisms operating automatically and in unison, whereby a string was fed forward, coated with wax or like composition, cooled, drawn forward by driven rollers, delivered to cutting devices and cut off in definite lengths, in one continuous operation, such a machine or apparatus being described in prior McPhetridge United States patent of 1856."

Our own independent investigation of the proofs confirms these findings, and leads us to the conclusion that Coddington disclosed no such feature of novelty as entitled his claims to any broad construction. Beyond the specific devices shown, and colorable changes therein, the claims are not to be carried. The drum or roller, C, of the patent, to which our attention is particularly called by the appellant's counsel, is shown and described as driven by belting, and is further referred to in the specification thus:

"This drum, C, is covered with cloth, which is kept constantly moistened by water from the trough, F, the preferred means for conveying the water from the trough to the drum being a strip of cloth, 5, one edge of which is in the trough, and the other edge resting on the drum. This strip, 5, acts on the principle of a siphon, and keeps the cloth on the drum, C, moist, and the strings, b, are thus drawn between two moistened surfaces, and are thus cooled and moistened."

We do not find in the defendant's machine the roller or "drum, C," of the patent. The defendant's rollers here complained of are merely guide rollers to guide the strings to and through the 'cold water in the cooling pan. They revolve freely, but are not driven. They are plain wooden rollers, without any covering whatever. In construction, operation, and function the defendant's rollers differ materially from the roller or drum, C, of the Coddington patent. In respect to each of the four above-cited claims, now in question, it is our judgment that the defendant's machine differs substantially from the apparatus and devices shown and described by Coddington, and that upon the issue of infringement of the machine patent No. 303,984, the court below rightly dismissed the bill.

The decree of the circuit court is affirmed.